**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

------

No. 04-30192
Summary Calendar

------

AMBRACO, INC.,

Plaintiff-Counter Defendant-Appellant,

versus

PROJECT EUROPA MV, Etc.; ET AL.,

Defendants,

MAMMOET GOEDKOOP BV, in personam;
MAMMOET SHIPPING BV, in personam,

Defendants-Counter Claimants-Appellees.

--------------------

TWINE MASTER USA INC.,

Plaintiff-Appellant,

versus

PROJECT EUROPA MV, Etc.; ET AL.,

Defendants,

MAMMOET GOEDKOOP BV; MAMMOET SHIPPING BV, in personam,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-227
USDC No. 01-CV-3189
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This is the appeal of a denial of a maritime claim for damage to a cargo of sisal twine made by the cargo owners, Ambraco, Inc. (Ambraco), and Twine Master USA, Inc. (Twine Maser), against the vessel, the M/V PROJECT EUROPA, the vessel owner, Mammoet Goedkoop B.V., and the carrier, Mammoet Shipping B.V.

In denying relief to the cargo owners, the district court found that the vessel owner and carrier had shown that the cargo had been damaged as the result of fire and were entitled to the assert the fire defense, as set out in the Fire Statute, 46 U.S.C. § 182, and extended to carriers by the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1304(2)(b). The fire defense shifts the burden to the shipper to identify "the cause of the fire, and also to establish that the cause was due to the 'actual fault or privity' of the [c]arrier." Westinghouse Elec. Corp. v. M/V LESLIE LYKES, 734 F.2d 199, 206 (5th Cir. 1984).

As a preliminary matter, Ambraco invites the court to reconsider the holding of M/V LESLIE LYKES, regarding the burden of proof under the Fire Statute and COGSA. It is the firm rule of this circuit that one panel may not overrule the decisions of another without en banc consideration or an intervening Supreme

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court opinion. Hogue v. Johnson, 131 F.3d 466, 491 (5th Cir. 1997). Accordingly, we decline the invitation to revisit the holding of M/V LESLIE LYKES.

Ambraco argues that the district court erred in finding that it had failed to meet the burden of proving that the vessel owner and carrier caused the fire or were at fault in failing to extinguish the fire. In admiralty cases tried before the bench, we review the district court's conclusions of law de novo and findings of fact for clear error. Steel Coils, Inc. v. M/V LAKE MARION, 331 F.3d 422, 426 (5th Cir. 2003). Questions of proximate cause and negligence, in admiralty cases, are questions of fact subject to review under the clearly erroneous standard. Consolidated Grain & Barge Co. v. Marcona Conveyor Corp., 716 F.2d 1077, 1082 (5th Cir. 1983).

As noted above, the fire defense shifts the burden of proof to the shipper to identify "the cause of the fire, and also to establish that the cause was due to the 'actual fault or privity' of the [c]arrier." M/V LESLIE LYKES, 734 F.2d at 206. In finding that Ambraco and Twine Master had failed to establish any specific cause of the fire by a preponderance of the evidence, the district court noted that the evidence presented by both the plaintiffs and the defendants was inconclusive. Ambraco has cited to no evidence produced at trial to show that the district court was clearly erroneous in finding that the preponderance of

the evidence did not show that the design or neglect of the owner or carrier caused the fire.


Ambraco argues that the M/V PROJECT EUROPA, as a roll on/roll off vessel was inherently inadequate to carry a cargo of pallets of sisal twine.  Specifically, Ambraco asserts that the stowage methods and fire systems of the M/V PROJECT EUROPA were inappropriate to carry the cargo of sisal and that the defendants were negligent by using the vessel to transport the cargo.  The district court found that Ambraco and Twine Master produced no evidence that the fire detection and extinguishing systems on the vessel were inadequate.  The district court found that there was no evidence that the vessel was inappropriate to carry the sisal cargo.  Although Ambraco argues that the M/V PROJECT EUROPA was not in compliance with the Safety of Life at Sea (SOLAS) regulations, Ambraco cites to no evidence or testimony at trial supporting the opinion regarding the application of the SOLAS regulations argued on appeal.  Ambraco has not shown that the district court was clearly erroneous in finding no negligence by the owner or carrier in equipping the vessel or in accepting the sisal as cargo.

The judgment of the district court is AFFIRMED.